STATE OF NEBRASKA, APPELLEE,
v. PETER J. ALBA, APPELLANT.
707 N.W.2d 402

Filed December 2, 2005. No. S-04-1125.

Casey J. Quinn for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Pursuant to a plea agreement, Peter J. Alba pled guilty to two counts of sexual assault of a child, first offense. At the time the crimes to which Alba pled were committed, the offenses were Class IV felonies, for which the available penalties were a maximum of 5 years' imprisonment, a $10,000 fine, or both. The district court for Douglas County accepted the pleas, convicted Alba, and imposed consecutive sentences of 5 to 10 years' imprisonment on the first count and 10 to 15 years' imprisonment on the second count, based on the mistaken belief that the crimes were Class II felonies. Alba appealed, claiming his sentences were excessive.

On appeal, the Nebraska Court of Appeals concluded that Alba was improperly sentenced, vacated the sentences, and remanded the cause for resentencing as Class IV felonies. *State v. Alba*, 13 Neb. App. 519, 697 N.W.2d 295 (2005). The State petitioned for further review, claiming that the plea agreement should have been vacated because it was based on the mutually mistaken assumption that the offenses were Class II felonies

and that the parties should have been directed by the Court of Appeals to negotiate a new plea agreement. Although our reasoning differs from that of the Court of Appeals, we affirm the decision of the Court of Appeals which vacated Alba's sentences and remanded the cause for resentencing.

## STATEMENT OF FACTS

In its opinion, the Court of Appeals described the facts of this case as follows:

> On October 28, 2003, Alba was charged by information with two counts of second offense sexual assault of a child, Class IC felonies, pursuant to Neb. Rev. Stat. § 28-320.01(3) (Cum. Supp. 1996). Count I alleged that "on or about the 1st day of January, 1997," Alba subjected B.A., "a person of less than fourteen years of age or younger, to sexual contact." Count II alleged that "on or about the 1st day of January, 1997," Alba subjected Z.A., "a person of less than fourteen years of age or younger, to sexual contact."
>
> On August 5, 2004, pursuant to a plea agreement, the State amended the information to allege each count as a first offense, which the State and the judge said made each count a Class II felony. The amended information expressly categorizes the crimes as Class II felonies. At the plea hearing, the trial judge, without objection from defense counsel or the State, advised Alba about the crimes and their penalties as though the crimes were Class II felonies, telling Alba that the crimes each carried a maximum prison sentence of 50 years and a minimum prison sentence of 1 year. Alba entered a plea of nolo contendere and was advised by the judge that he was pleading no contest to two Class II felonies, each of which carried a sentence as described above. A factual basis was entered, Alba's pleas were accepted, and an order was entered on September 27, 2004, sentencing Alba to imprisonment for 5 to 10 years on count I and for 10 to 15 years on count II, the sentences to be served consecutively.

*State v. Alba*, 13 Neb. App. at 521, 697 N.W.2d at 298-99. Alba appealed to the Court of Appeals and assigned as error that the court had imposed an excessive sentence as to each count.

The Court of Appeals noted that although the prosecutor and the district court judge had said that each count of first offense sexual assault of a child was a Class II felony, at the time Alba was alleged to have committed the crimes in 1997, first offense sexual assault of a child was in fact a Class IV felony under Neb. Rev. Stat. § 28-320.01 (Cum. Supp. 1996). The Court of Appeals further noted that the sentencing statute had been amended but that such amendments were not applicable to Alba. The maximum sentence for a Class IV felony was 5 years' imprisonment, a $10,000 fine, or both, see Neb. Rev. Stat. § 28-105 (Reissue 1995), and the Court of Appeals therefore concluded that the sentences of imprisonment of 5 to 10 years on count I and of 10 to 15 years on count II exceeded the applicable statutory range and should be vacated.

Because the sentences were the result of a plea agreement, the Court of Appeals went on to consider whether the plea agreement must also be vacated, as the State contended, or whether, as Alba contended, the proper remedy in the case before it was to order resentencing under the correct gradation of the crimes to which Alba had pled. The Court of Appeals rejected the State's arguments, stating that while "the State was mistaken [as to the proper gradation of the crimes], it bears the risk of its own mistake" and that the mistake did not form a basis for recission of the plea agreement. *State v. Alba*, 13 Neb. App. 519, 534, 697 N.W.2d 295, 307 (2005). The Court of Appeals concluded that Alba was entitled to a lawful sentence based on the crimes to which he and the State had agreed he would plead, and the Court of Appeals therefore vacated Alba's sentences and remanded the cause to the district court with directions to resentence Alba, treating his offenses as Class IV felonies. One judge on the three-judge panel of the Court of Appeals dissented. As to the plea agreement, the dissenting opinion stated that because both the State and Alba were mutually mistaken as to the proper gradation of the crimes to which Alba agreed to plead, the appropriate remedy was to order the plea withdrawn as invalid and to allow the parties to negotiate an entirely new plea agreement.

The State petitioned for further review of the Court of Appeals' decision. We granted further review.

## ASSIGNMENT OF ERROR

The State asserts on further review that the Court of Appeals erred in remanding the cause for resentencing rather than vacating the plea agreement and remanding the cause for further proceedings.

## STANDARD OF REVIEW

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Gass*, 269 Neb. 834, 697 N.W.2d 245 (2005).

## ANALYSIS

We note initially that Alba filed his appeal in the Court of Appeals and raised excessiveness of sentences as his sole assignment of error. Alba raised no issue regarding the validity of his plea-based convictions and did not seek to have his convictions vacated. We further note that the State did not file a complimentary error proceeding pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004), raising an issue as to whether a plea agreement should be vacated where it is based on the parties' mutual mistake. Finally, we note that neither party moved in the district court to have Alba's plea withdrawn. Therefore, for purposes of this appeal, Alba stands convicted.

On petition for further review, the State asks this court to reverse the Court of Appeals' decision and to order that Alba's plea-based conviction be reversed and that the plea agreement be ordered rescinded. We believe, however, it is significant in this case that Alba presented his appeal as one limited to the issue of the proper sentences which may be imposed upon a defendant who stands convicted of sexual assault of a child, first offense. Because the cause is on appeal only with regard to the issue of excessive sentences, the questions raised and the relief requested by the State cannot be afforded in this appeal, and the scope of appellate analysis is limited to excessiveness of sentences.

In the present appeal, it was not necessary for the Court of Appeals to consider whether it should grant the relief requested by the State in Alba's appeal. Nevertheless, we agree with the Court of Appeals' ultimate conclusion that because Alba's sentences exceeded statutory limits, he was improperly sentenced.

Alba pled to two counts of sexual assault of a child, first offense. At the time Alba committed the crimes, the offense was classified as a Class IV felony, see § 28-320.01, which bore a maximum sentence of 5 years' imprisonment, see § 28-105. The sentences imposed on Alba as to each count included imprisonment in excess of 5 years, and as a result, the sentences exceeded statutory limits. We therefore conclude that the Court of Appeals did not err in vacating the sentences and ordering that the cause be remanded for resentencing.

### CONCLUSION

We conclude that the only issue before the Court of Appeals was Alba's claim of excessive sentences and that the relief requested by the State was outside the proper scope of the appeal and need not have been considered by the Court of Appeals. However, we agree with the Court of Appeals' conclusion that the sentences imposed exceeded the statutory limits for the crimes to which Alba pled and was found guilty. Therefore, although our analysis differs from that of the Court of Appeals, we affirm the Court of Appeals' decision which vacated Alba's sentences and remanded the cause for resentencing of the crimes as Class IV felonies.

AFFIRMED.