Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/13/2016 08:09 AM CDT

State of Nebraska, appellee, v.
Dee Anne Liner, appellant.

___ N.W.2d ___

Filed September 13, 2016.    Nos. A-16-278, A-16-279.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.

2. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

4. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

5. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the appellate brief in order to be considered by an appellate court.

6. ____. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.

7. **Pleas.** After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered.

8. **Effectiveness of Counsel: Proof: Appeal and Error.** General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to preserve the issue for later review.

9. **Effectiveness of Counsel.** Where the record refutes a claim of ineffective assistance of counsel, no recovery may be had.

10. **Pleas: Effectiveness of Counsel.** When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.

11. **Pleas.** A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily.

12. **Criminal Law: Intent.** A person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof.

13. **Theft: Value of Goods: Words and Phrases.** Value to be proved concerning a theft is market value at the time and place where the property was criminally appropriated.

14. **Effectiveness of Counsel.** Defense counsel cannot be ineffective for failing to raise an objection or argument that has no merit.

15. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.

16. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

17. **Criminal Law: Controlled Substances: Intent.** Unless an exception applies, a person is guilty of a Class II felony if he or she knowingly or intentionally manufactures, distributes, delivers, dispenses, or possesses with intent to manufacture, distribute, deliver, or dispense a Schedule I, II, or III controlled substance which is an exceptionally hazardous drug.

18. **Plea Bargains: Sentences: Appeal and Error.** When a charge has been misclassified as part of a plea bargain and the only assignment of error is that the sentence was excessive, appellate analysis is limited to examining the excessiveness.

Appeal from the District Court for Buffalo County: John P. Icenogle, Judge, Retired. Affirmed.

Tana M. Fye, Deputy Buffalo County Public Defender, of Fye Law Office, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Moore, Chief Judge, and Inbody and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

Dee Anne Liner has appealed her convictions and sentences in two unrelated cases. Because of the similarity between the records, issues, and arguments presented in the two cases, we consolidate them for purposes of resolving her appeals.

In November 2015, Liner pled no contest to charges of possession of methamphetamine with intent to distribute and theft by unlawful taking. The district court for Buffalo County, Nebraska, found her guilty of both charges and sentenced her to 18 months' to 12 years' imprisonment for the methamphetamine conviction and 9 months' imprisonment for the theft conviction, with the sentences to run concurrently. Liner now appeals her convictions and sentences. Following our review of the record, we affirm the convictions and sentences of the district court.

## BACKGROUND

According to the factual basis provided by the State, on October 23, 2013, officers of the Kearney Police Department served a search warrant on Liner's residence in Kearney, Buffalo County, Nebraska. Officers located a quantity of methamphetamine in Liner's bedroom. The officers also located scales and packaging materials for methamphetamine. After being read her *Miranda* rights, Liner consented to an interview in which she admitted to participating in the distribution of methamphetamine.

On December 6, 2013, law enforcement officers in Kearney received a report that a citizen had left a wallet containing

$560 on the counter of a bank and that when he returned shortly thereafter, the wallet was gone. Surveillance video showed that Liner picked up the wallet and left the bank with it. Law enforcement contacted Liner regarding the theft, but she denied any involvement. Surveillance video from the law enforcement center later showed Liner dropping the wallet off in the lobby and then leaving the law enforcement center.

Liner was initially charged with possession of a controlled substance with intent to distribute under Neb. Rev. Stat. § 28-416(1)(a) and (10) (Cum. Supp. 2014), a Class II felony. She was separately charged with theft by unlawful taking of more than $500, a Class IV felony, under Neb. Rev. Stat. § 28-518 (Cum. Supp. 2014). Pursuant to a plea agreement, the State filed an amended information reducing Liner's charge of possession of methamphetamine with intent to distribute from a Class II felony to a Class III felony. As part of the agreement, Liner agreed to plead no contest to both the theft charge and the amended methamphetamine charge.

## ASSIGNMENTS OF ERROR

Liner assigns in both cases, restated and reordered, that counsel was ineffective in (1) not informing her that she could move to withdraw her plea prior to sentencing, (2) not fully investigating the State's evidence and her possible defenses, and (3) threatening and coercing her into the plea agreement. She also claims that her sentences were excessive.

In addition, as to the theft conviction, Liner assigns that counsel was ineffective in failing to object to the insufficient factual basis and that there was insufficient evidence to convict her of the theft charge.

## STANDARD OF REVIEW

[1] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004).

[2,3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Carngbe*, 288 Neb. 347, 847 N.W.2d 302 (2014).

## ANALYSIS

*Ineffective Assistance of Counsel.*

Liner's first three assignments of error and corresponding arguments are identical in the briefs submitted for each case. For the following reasons, we find that these claims were insufficiently stated to be addressed.

[4] An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016).

[5,6] An alleged error must be both specifically assigned and specifically argued in the appellate brief in order to be considered by an appellate court. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *Id.* A claim insufficiently stated is no different than a claim not stated at all. *Id.* Therefore, if insufficiently stated, an assignment of error and accompanying argument will not prevent the procedural bar accompanying the failure to raise all known or apparent claims of ineffective assistance of trial counsel. *Id.*

We examine the sufficiency of each of Liner's claims of ineffective assistance of counsel below.

*Failure to Inform Liner of Availability
of Motion to Withdraw Plea.*

Liner first assigns that her counsel was ineffective in failing to inform her of her ability to file a motion to withdraw her plea before sentencing.

[7] After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

[8] General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to preserve the issue for later review. See *State v. Ash, supra*. In *Ash*, the defendant argued that his counsel was ineffective for failing to file a motion to suppress any of the State's evidence. The defendant did not state the legal basis for filing such a motion nor what evidence should have been suppressed. The Nebraska Supreme Court held that the defendant had not sufficiently raised a claim for ineffective assistance of counsel.

In the cases before us, Liner's briefs contain no articulation of the legal basis upon which she would have moved to withdraw her pleas. Instead, each brief contains only an overview of the legal standard for ineffective assistance of counsel and a restatement of the assertion in the assignment of error that "counsel failed and/or refused to inform [Liner] of the option to move the court to withdraw her plea prior to the entry of sentencing." Given that Liner does not specify the legal grounds for withdrawing her plea, nor give any indication that she in fact wanted to withdraw her plea, this assignment of error is not properly raised in this appeal. See *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016).

*Failure to Investigate Evidence
or Defenses.*

Liner next assigns that her counsel was ineffective because he did not "fully investigate the State's evidence and [Liner's] possible defenses." Liner also fails to properly raise this issue because it is not sufficiently specific.

Conclusory and general allegations that counsel is ineffective are not sufficient to preserve an ineffective assistance of counsel claim for postconviction review. See *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). In *Abdullah*, the defendant argued that his counsel was ineffective in failing to call "'at least two witnesses that [the defendant] informed would be beneficial to his case.'" 289 Neb. at 126-27, 853 N.W.2d at 863. The Nebraska Supreme Court found that this broad placeholder language would not allow a postconviction court to determine whether the specific actions complained of were the same actions raised in the direct appeal. See *id.* Accordingly, the defendant's complaint that his counsel failed to call unspecified witnesses was insufficient to raise his claim of ineffective assistance of counsel.

In the case before us, Liner's argument of ineffectiveness is even broader than the one discussed above from *State v. Abdullah, supra*. Although the defendant in *Abdullah* specified that counsel was ineffective for failing to call certain witnesses, Liner makes no specification here as to what evidence counsel should have investigated or what potential defenses she believes were available to her. This argument was not sufficiently raised in this appeal.

*Counsel Coerced/Threatened Liner
Into Plea Agreement.*

Liner next assigns that her counsel was ineffective in coercing or threatening her to accept the plea bargain. Liner's briefs contain no information regarding what coercive action or threats were made. Accordingly, this general assertion is not properly raised. See *State v. Abdullah, supra*.

[9] Additionally, the record affirmatively demonstrates that Liner was not coerced or threatened into accepting the plea bargain given her testimony to that effect during the plea hearing. Where the record refutes a claim of ineffective assistance of counsel, no recovery may be had. See *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010).

*Insufficient Factual Basis.*

[10,11] Liner assigns that the district court erred in accepting her plea for her theft by unlawful taking charge because the factual basis provided was insufficient to support her conviction. When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id.*

[12] A person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof. Neb. Rev. Stat. § 28-511 (Reissue 2008). Theft constitutes a Class IV felony when the value of the thing involved is $500 or more, but not over $1,500. § 28-518.

[13] Value to be proved concerning a theft is market value at the time and place where the property was criminally appropriated. *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002). The Nebraska Supreme Court has recognized that absent evidence to the contrary, cash may be accorded its face value in grading a theft. See *State v. Redding*, 213 Neb. 887, 893, 331 N.W.2d 811, 814 (1983) ("[i]t would be ludicrous to argue that $12,000 in cash is not a thing of value of 'over one thousand dollars'"). At the plea hearing, the State articulated that the stolen wallet contained $560 in cash. This demonstrates that when Liner took the wallet and its contents, she

took a thing worth more than $500. Therefore, this assignment of error is without merit.

*Ineffectiveness in Failing to Object*
*to Insufficient Factual Basis.*

[14] Liner next assigns that her trial counsel was ineffective in failing to object to the insufficient factual basis of her theft charge. Defense counsel cannot be ineffective for failing to raise an objection or argument that has no merit. See *State v. Nesbitt*, 264 Neb. 612, 650 N.W.2d 766 (2002). Because we determined above that there is no merit to Liner's contention that the factual basis was insufficient, counsel was not ineffective in failing to raise this argument.

*Excessive Sentences.*

Liner finally argues that her sentences were excessive because the court did not adequately consider her mental health and her need for treatment. We disagree.

[15,16] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id.*

The court received a presentence investigation in this case prior to sentencing. The presentence investigation reveals prior convictions for possession of a controlled substance and forgery. Liner also has numerous prior arrests including thefts,

assaults, traffic offenses, and drug and alcohol offenses. She has also successfully completed a drug court program. The presentence investigation placed Liner in the "very high risk/needs range." At the sentencing hearing, the district court heard comments from both counsel and Liner discussing Liner's struggles with poor mental health and addiction.

For theft by unlawful taking, Liner was sentenced to 9 months' imprisonment, to run concurrently with her other sentence. Theft by unlawful taking of an item valued between $500 and $1,500 is a Class IV felony. See § 28-518. A Class IV felony is punishable by up to 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Liner's sentence of 9 months' imprisonment is therefore within the statutory limits. Following our review of the record, we find that the district court did not abuse its discretion when imposing this sentence.

For possession of methamphetamine with intent to distribute, the district court sentenced Liner to 18 months' to 12 years' imprisonment. We note that in the amended information and during the plea hearing, Liner was informed that she was being charged with a Class III felony for possession of methamphetamine with intent to distribute. It appears that this classification was contrary to the law; Nebraska statutes as they existed at the time of the crime identify possession of methamphetamine with the intent to distribute as a Class II felony.

[17] Under § 28-416, it is unlawful for a person to knowingly or intentionally manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance. Unless an exception applies, a person is guilty of a Class II felony if he or she violates this law with respect to a Schedule I, II, or III controlled substance which is an exceptionally hazardous drug. See § 28-416(2)(a). A person violating this subsection is guilty of only a Class III felony if the charges relate to a scheduled controlled substance that is not an exceptionally hazardous drug. § 28-416(2)(b).

Methamphetamine is a Schedule II controlled substance. Neb. Rev. Stat. § 28-405 (Supp. 2013). Methamphetamine is statutorily defined as an "[e]xceptionally hazardous drug." Neb. Rev. Stat. § 28-401(28) (Supp. 2013). Therefore, the Nebraska statutes as they existed at the time of this crime delineate that possession of methamphetamine with intent to distribute is a Class II felony, unless the penalty is enhanced due to the quantity of methamphetamine, an issue not present in this case. See §§ 28-401, 28-405, and 28-416.

Pursuant to a plea agreement, the State filed an amended information which removed the words an "[e]xceptionally hazardous drug" and changed the felony classification from a Class II felony to a Class III felony. However, § 28-401(28) statutorily defines methamphetamine as an "[e]xceptionally hazardous drug." Therefore, methamphetamine is an exceptionally hazardous drug as a matter of law and to treat it otherwise by simply deleting the words "[e]xceptionally hazardous drug" from the information runs contrary to law. Because the amended information still charges Liner with possession of methamphetamine with an intent to distribute, this charge constitutes a Class II felony and Liner's conviction was misclassified.

It therefore appears that the parties and the court labored under a mutual mistake of law during the plea bargaining and the court proceedings, and treated Liner's offense as a Class III felony when legally it should have been a Class II felony. Plea bargaining is an established part of the criminal justice system and reducing Liner's methamphetamine charge from a Class II to Class III felony could have been properly executed; however, removing the words an "[e]xceptionally hazardous drug" did not have the intended legal effect.

[18] Liner did not raise the misclassification of the methamphetamine charge in her appeal, nor did the State file a complimentary error proceeding pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 2008). The only assigned error before us is whether Liner's sentence for this conviction is excessive.

The Nebraska Supreme Court has previously held that when a charge has been misclassified as part of a plea bargain and the only assignment of error is that the sentence was excessive, appellate analysis is limited to examining the excessiveness. See *State v. Alba*, 270 Neb. 656, 707 N.W.2d 402 (2005).

Focusing on the error assigned, a mistaken classification of Liner's conviction in Liner's favor does not make her sentence excessive. Additionally, Liner's sentence would be a lawful sentence for either a Class II or a Class III felony. A Class III felony is punishable by up to 20 years' imprisonment, a $25,000 fine, or both. § 28-105. A Class II felony is punishable by 1 to 50 years' imprisonment. *Id.* Therefore, while we note the misclassification of Liner's sentence, we disregard it for purposes of determining whether that sentence is excessive. Liner's sentence is within statutory limits under either classification and is not excessive given Liner's background, criminal record, and motivation, as well as the nature of the offense. Therefore, the district court did not abuse its discretion in imposing this sentence.

## CONCLUSION

Following our review of the record, we find Liner's assignments of error to be without merit and affirm the convictions and sentences imposed by the district court.

Affirmed.