IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WINES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KEVIN M. WINES, APPELLANT.

Filed March 17, 2020.    Nos. A-19-298, A-19-299.

Appeals from the District Court for Madison County: MARK A. JOHNSON, Judge. Sentences in No. A-19-298 vacated and remanded for resentencing. Judgment in No. A-19-299 affirmed in part, and in part vacated and remanded for resentencing.

Jack W. Lafleur, of Moyer & Moyer, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Kevin M. Wines appeals his sentences in two separate cases following his pleas of guilty in each case. In case No. A-19-298, Wines appeals from the order of the district court for Madison County, revoking his probation and sentencing him to a term of not less than 4 years nor more than 8 years of imprisonment for delivery of a controlled substance, marijuana, and to a term of not less than 1 year nor more than 2 years of imprisonment for attempted delivery of a controlled substance. In case No. A-19-299, Wines appeals from the order of the district court for Madison County, sentencing him to a term of 2 to 3 years' imprisonment for attempted possession of marijuana with intent to distribute; 6 months' imprisonment for attempted tampering with evidence; 6 months'

- 1 -

imprisonment for attempted possession of Tramadol; 1 to 2 years' imprisonment for possession of ecstasy; and 1 year's imprisonment for misdemeanor child abuse.

On appeal, Wines argues that the district court imposed excessive sentences. We find that the district court committed plain error in sentencing Wines in case No. A-19-298, and we vacate and remand both sentences. We also find the district court committed plain error in its sentences for attempted possession of marijuana with intent to distribute and possession of ecstasy in case No. A-19-299. We vacate and remand those sentences, but otherwise affirm Wines' sentences.

BACKGROUND

*Case No. A-19-298.*

In April 2016, pursuant to a plea agreement, Wines entered pleas of guilty to one count of delivery of a controlled substance, marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Supp. 2015), and one count of attempted delivery of a controlled substance, marijuana, in violation of § 28-416(1)(a) and Neb. Rev. Stat. § 28-201(1)(b) (Supp. 2015). According to the amended information filed by the State, Wines' offenses occurred in September 2015. At the time of the offenses, delivery of a controlled substance was a Class IIA felony, and attempted delivery of a controlled substance was a Class IIIA felony. §§ 28-416(2)(b) and 28-201(4)(c). However, at his plea hearing on April 5, he was advised that delivery of a controlled substance was a Class III felony, punishable by a maximum 4 years' imprisonment, and attempted delivery of a controlled substance was a Class IV felony, punishable by a maximum of 2 years' imprisonment. Thereafter, he agreed to plead guilty to both charges.

Following his conviction, Wines was sentenced to a term of Specialized Substance Abuse Supervision (SSAS) for 36 months, and ordered to serve 90 days in jail, with 30 days to be served immediately after sentencing. Wines served his jail sentence and completed approximately 30 months of SSAS before he was arrested in July 2018 for multiple offenses, including possession of controlled substances. Following his arrest, the State filed an information to revoke Wines' probation.

Pursuant to a plea agreement, the State filed a second amended information for revocation of probation, claiming that Wines violated three terms of his probation, including that Wines would not violate any laws, would not leave Nebraska, and would not use or possess any controlled substances. In exchange for Wines' plea of no contest, the State agreed to recommend a cumulative sentence of 3 years of incarceration. The court informed Wines that if he admitted the allegations of the second amended information, he would be resentenced under the originally convicted offenses. It reminded him that the charge of delivery of a controlled substance was a Class III felony, and he could be sentenced up to 4 years' imprisonment on the charge and that attempted delivery of a controlled substance was a Class IV felony, and carried a sentence of up to 2 years' imprisonment. The factual basis provided to the court was as follows:

> On . . . July 31st of 2018, [Wines], who was already on a term of probation originating from 16-17, met with his probation officer. Probation officer asked to look at his phone. My client gave his permission to look at it.
>
> The probation officer observed several text messages on the phone indicating to him that drug transactions were going on between [Wines] and others.

- 2 -

He contacted the state patrol who also looked at the text messages and agreed that drug transactions were likely occurring. Due to him being on probation, probation and law enforcement decided to do a home search of his residence.

Before they could go, though, [Wines] left probation. They weren't sure where he was going to go. So they then proceeded to his house.

The state patrol officer observed before he left, though, that [Wines] had borrowed someone else's cell phone and was trying to make a call at that point. He was also observed on surveillance video making that call and then another call shortly thereafter.

The investigator went to the residence after -- shortly after [Wines] had made the call and observed one of [Wines'] -- or his girlfriend's children, teenage children, come home. He said that he was coming home from work. He went into the residence, spent a few minutes, and then left saying he had to go back to work.

At that time when officers arrived and conducted the search of the residence, they found in a downstairs bathroom a couple of empty bags, plastic bags, with marijuana residue in the bathroom. As well as marijuana particles spread all over a toilet in the bathroom as well. It was strongly suspected that the marijuana had been flushed down the toilet.

Additionally, Your Honor, they did find other larger bags of marijuana inside the home. They also found $670 cash in there, as well as a number of empty, you know, small baggies as well. Type of money and materials that are usually associated with the attempt to deliver drugs, Your Honor.

Additionally, further search of the home also turned up various pills that were later determined to be Tramadol and NDMA, also known as ecstasy pills.

These pills were found in the hallway in the basement or downstairs area where the children's bedrooms were located. These pills are multicolored in nature looking and . . . appearing as candy to many individuals.

All these events occurring in Madison County, Nebraska.

Additionally, at the plea hearing for the revocation of Wines' probation, Wines' attorney questioned whether Wines' offense of delivery of a controlled substance became a Class IIA felony after the enactment of L.B. 605 in August 2015. The court responded that Wines "was convicted of a 3, so he gets the benefit of that." The court then accepted Wines' plea of no contest and revoked his probation. In February 2019, the court sentenced Wines to 4 to 8 years' imprisonment for count I, delivery of a controlled substance, and 1 to 2 years' imprisonment for count II, attempted delivery of a controlled substance, to be served consecutive to the sentence imposed on count I.

*Case No. A-19-299.*

As a result of the residential search set forth above, in August 2018, Wines was arrested and charged with possession of a controlled substance, Tramadol, in violation of § 28-416(3) (Cum. Supp. 2018), a Class IV felony; possession of a controlled substance, ecstasy, in violation of § 28-416(3), a Class IV felony; and child abuse, in violation of Neb. Rev. Stat. § 28-707 (Reissue

2016), a Class IIIA felony, in the county court for Madison County. Wines was subsequently bound over to the district court for Madison County, where he was charged by information with the same offenses.

In October 2018, the State filed an amended information against Wines, charging him with two additional offenses: one count of possession of marijuana with the intent to deliver, in violation of § 28-416, a Class IIA felony, and one count of conspiracy to tamper with evidence in violation of Neb. Rev. Stat §§ 28-202 and 28-922 (Reissue 2016), a Class IV felony. In November, pursuant to a plea agreement, the State filed a second amended information charging Wines with attempted possession of marijuana with intent to distribute, a Class IIIA felony; attempted tampering with evidence, a Class I misdemeanor; attempted possession of Tramadol, a Class I misdemeanor; possession of a controlled substance, ecstasy, a Class IV felony; and child abuse or neglect, a Class I misdemeanor. Wines pled no contest to the charges contained in the second amended information. In exchange for Wines' pleas, the State agreed to recommend a cumulative sentence of 4 years' imprisonment.

The court subsequently accepted Wines' pleas and found him guilty of the charges contained in the second amended information. The court sentenced Wines to 2 to 3 years' imprisonment on count I, 6 months' imprisonment on count II, 6 months' imprisonment on count III, 1 to 2 years' imprisonment on count IV, and 1 year's imprisonment on count V. Each of the sentences were to be served consecutive to one another, but would be served concurrently with Wines' sentences in case No. A-19-298. Wines timely appealed his sentences in both cases.

ASSIGNMENTS OF ERROR

Wines asserts that the district court abused its discretion by imposing excessive sentences in cases Nos. A-19-298 and A-19-299.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014).

ANALYSIS

Wines argues that the district court imposed excessive sentences in cases Nos. A-19-298 and A-19-299. We do not reach the excessiveness of Wines' sentences in case No. A-19-298 because we find plain error in the sentences imposed by the court. In case No. A-19-299, we also find plain error in two of the sentences imposed on Wines, and we do not find his remaining sentences to be excessive. We address the sentences imposed on Wines in cases Nos. A-19-298 and A-19-299 separately below.

*Case No. A-19-298.*

Wines asserts that the sentences imposed by the district court in case No. A-19-298 were excessive. We do not reach his assigned error, however, because we find that the district court committed plain error in multiple regards in imposing its sentences on Wines. An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). Plain error is error of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id*.

First, the district court committed plain error by failing to sentence Wines to determinate sentences for his offenses. Neb. Rev. Stat. § 29-2204.02(1)(a) (Reissue 2016) states that a court imposing a sentence upon an offender for a Class III, IIIA, or IV felony, unless otherwise provided for under § 29-2204.02(4), shall impose a determinate sentence of imprisonment within the applicable range under Neb. Rev. Stat. § 28-105 (Cum. Supp. 2018).

Section 29-2204.02(4) states:

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony the court shall impose an indeterminate sentence within the applicable range in § 28-105.

Wines' offenses occurred after August 30, 2015, and he was not sentenced consecutively or concurrently with a Class I, IA, IB, IC, ID, II, or IIA felony. Thus, the district court should have imposed determinate sentences on Wines for his convictions for delivery of a controlled substance, a Class III felony, and attempted delivery of a controlled substance, a Class IV felony. The court's failure to sentence Wines in accordance with § 29-2204.02 is plain error. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018).

The district court also committed plain error by sentencing Wines under the statutory guidelines for Class IIA and IIIA felonies when he was convicted of Class III and IV felonies, and advised of the penalties for those classes. Although the court's erroneous penalty advisement given to Wines calls into question the voluntariness of his guilty plea, Wines assigns as error only that his sentences are excessive. We therefore limit our analysis to that issue. See *State v. Alba*, 270 Neb. 656, 707 N.W.2d 402 (2005) (limiting scope of appellate analysis to excessive sentence where voluntariness of plea is not assigned as error).

Here, as iterated above, Wines was convicted of one count of delivery of a controlled substance, marijuana, and one count of attempted delivery of a controlled substance. At the time of his offenses, as stated in the amended information, delivery of a controlled substance was a Class IIA felony, and attempted delivery of a controlled substance was a Class IIIA felony. §§ 28-416 and 28-201 (Supp. 2015). Despite this, the State charged Wines with a Class III and Class IV felony, respectively; and the court advised Wines that he was charged with a Class III and Class IV felony, and further advised him of the potential penalties for a Class III and Class IV felony prior to accepting his guilty plea in April 2016 and again at the revocation hearing in

November 2018. Therefore, because Wines was charged, convicted, and advised that he would be sentenced for a Class III and Class IV felony, the court should have sentenced him accordingly. Instead, he was sentenced for a Class IIA and IIIA felony.

However, a court's failure to advise a defendant of the correct penalty for his or her offense does not automatically warrant reversal. See *State v. Russell*, *supra*. In *State v. Russell*, *supra*, the Nebraska Supreme Court found that the defendant was not prejudiced following the district court's erroneous penalty advisement because his sentence was within the statutory guidelines for his offense, and was within the range of penalties described by the district court. See also *State v. Jipp*, 214 Neb. 577, 334 N.W.2d 805 (1983) (if defendant is sentenced within term described by trial court, prejudice is not apparent from face of record).

In the present case, although Wines received the wrong penalty advisement from the district court on both of his offenses, he was prejudiced only by his sentence of 4 to 8 years' imprisonment for delivery of a controlled substance. Wines was advised by the district court that he faced a sentence of up to 4 years' imprisonment for delivery of a controlled substance; however he was sentence to 4 to 8 years' imprisonment. This sentence was outside of the advisement he received from the district court; thus, he was prejudiced by the erroneous sentence. Because he was charged, pled, and was advised as to the shorter sentence, he should be sentenced within that advisement.

Although Wines was also erroneously charged, pled, and advised as to the potential penalty for his conviction of attempted delivery of a controlled substance, he was sentenced within the penalty of which he was advised. The district court told Wines that he faced a penalty of up to 2 years' imprisonment, and 9 to 12 months of post-release supervision. Wines was sentenced to 1 to 2 years' imprisonment, which was within the advisement given to him and within the statutory guidelines for a Class IV felony. See § 28-105 (Supp. 2015). Accordingly, Wines was not prejudiced by the court's erroneous penalty advisement on his conviction for attempted delivery of a controlled substance.

Because the district court erroneously sentenced Wines to indeterminate sentences when he should have been sentenced to determinate sentences, and sentenced Wines to a sentence greater than what was advised prior to his guilty plea for delivery of a controlled substance, we vacate and remand his sentences in case No. A-19-298. Wines should be sentenced to determinate sentences within the penalty advisement he received prior to his pleas of guilty, as well as within the statutory guidelines for the class of felony for which he was convicted.

*Case No. 19-299.*

Wines asserts that his sentences in case No. A-19-299 were excessive. We disagree. However, similar to our above analysis, we find the district court committed plain error in two of the sentences imposed on Wines. We address the erroneous sentences before addressing the excessiveness of the remaining sentences.

Wines was convicted of one count of attempted possession of marijuana with the intent to distribute, a Class IIIA felony, and sentenced to 2 to 3 years' imprisonment, and convicted of one count of possession of a controlled substance, ecstasy, a Class IV felony, and was sentenced to 1 to 2 years' imprisonment. Wines' sentences were therefore indeterminate. However, similar to our

above analysis, because Wines was not convicted concurrently or consecutively to a Class I, IA, IB, IC, ID, II, or IIA felony, his sentences should have been determinate. See § 29-2204.02(1)(a) and (4).

While we are cognizant of the fact that Wines should have been charged with a Class IIA felony in case No. A-19-298, as we explained above, he was actually convicted of a Class III felony. Accordingly, we vacate Wines' sentence of 2 to 3 years' imprisonment for attempted possession of marijuana with the intent to distribute, and his sentence of 1 to 2 years' imprisonment for possession of a controlled substance, ecstasy. We remand his case to the district court to impose determinate sentences within the appropriate guidelines for these offenses.

We next address Wines' sentences for attempted tampering with evidence, a Class I misdemeanor; attempted possession of tramadol, a Class I misdemeanor; and child abuse or neglect, a Class I misdemeanor. We find that the district court did not abuse its discretion and impose excessive sentences as to these offenses.

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Wines was sentenced to 6 months' imprisonment for attempted tampering with evidence and attempted possession of a controlled substance, Tramadol; and sentenced to 1 year imprisonment for child abuse or neglect. Class I misdemeanors carry a maximum sentence of 1 year's imprisonment and a $1,000 fine. Neb. Rev. Stat. § 28-106 (Reissue 2016). Thus, each of Wines' sentences were within the statutory guidelines for his offenses. Nevertheless, specifically regarding his sentences in case No. A-19-299, he argues that his sentence was longer than what was recommended by the State, a reduced sentence would better serve his rehabilitative needs, and the sentence ignored the progress made while he was on probation.

Prior to announcing Wines' sentences, the district court went through the factors enunciated in Neb. Rev. Stat. § 29-2260 (Reissue 2016) and determined that Wines was not an appropriate candidate for probation. The court found that Wines' offenses presented a danger to society, that he understood the danger his actions presented, and that he was on probation for similar offenses at the time of the present offenses; thus, based on his history, he was likely to reoffend if allowed on probation. The court also emphasized Wines' criminal history, and noted that when he was on probation he failed to report for drug testing 20 times and tested positive for various drugs multiple times. Finally, the court noted that Wines was in need of correctional treatment that could be provided most effectively by commitment to a correctional facility.

According to Wines' presentence investigation report, he has a lengthy criminal history including numerous charges for drug possession, numerous charges of driving under suspension, as well as charges of robbery, false imprisonment, criminal mischief, and criminal trespass. Moreover, Wines scored in the very high or high risk category in the following domains: leisure/recreation, companions, alcohol/drug problem, pro-criminal attitude/orientation, and antisocial pattern.

Although Wines asserts that he made progress while completing 31 of his 36 months of probation, the court noted that Wines failed numerous drug tests and did not report for many others. Moreover, the court emphasized that Wines' present offenses occurred while he was on probation; thus, the record refutes Wines' assertion that he made progress during his probation and that he could be successful if he was again sentenced to probation.

Additionally, Wines argues that his sentences were excessive because the district court sentenced him to a term greater than what was recommended by the State as part of his plea agreement. However, in Nebraska, a court is never bound by the plea agreement made between a defendant and the government. *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013). Therefore, the court was not bound by the State's recommended sentence.

Accordingly, based on the record, the district court considered the appropriate factors when sentencing Wines. Thus, it cannot be said that the district court abused its discretion in sentencing Wines to 6 months' imprisonment for attempted tampering with evidence, 6 months' imprisonment for attempted possession of Tramadol, and 1 year's imprisonment for child abuse or neglect.

In summation, the district court committed plain error by sentencing Wines to indeterminate sentences in case No. A-19-298. The court also plainly erred in sentencing Wines under the guidelines for a Class IIA felony after having charged and convicted him of a Class III felony and advising him of the potential penalties for a Class III felony. Wines should have been sentenced within the penalty advisement given to him, and within the guidelines for a Class III felony.

In case No. A-19-299, the district court plainly erred by sentencing Wines to indeterminate sentences for attempted possession of marijuana with the intent to distribute, a Class IIIA felony, and possession of a controlled substance, ecstasy, a Class IV felony. Wines' sentences of 6 months' imprisonment for attempted tampering with evidence and attempted possession of Tramadol, as well as his sentence of 1 year's imprisonment for child abuse or neglect were not excessive.

CONCLUSION

We vacate the sentences imposed on Wines in case No. A-19-298. We remand the cause to the district court with instructions to sentence Wines to a determinate sentence within the guidelines for a Class III felony for delivery of a controlled substance, and within the guidelines for a Class IV felony for attempted delivery of a controlled substance. We also vacate Wines' sentences for attempted possession of marijuana with the intent to distribute, a Class IIIA felony, and possession of a controlled substance, ecstasy, a Class IV felony. We remand the cause to the

district court with instructions to impose determinate sentences for these offenses. We otherwise affirm the sentences imposed on Wines in case No. A-19-299.

SENTENCES IN NO. A-19-298 VACATED AND REMANDED FOR RESENTENCING.

JUDGMENT IN NO. A-19-299 AFFIRMED IN PART, AND IN PART VACATED AND REMANDED FOR RESENTENCING.