Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/26/2018 09:09 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
SHAWN A. McGUIRE, APPELLANT.
___ N.W.2d ___

Filed April 26, 2018.    No. S-17-257.

1. **Postconviction: Evidence: Witnesses: Appeal and Error.** In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. An appellate court upholds the trial court's factual findings unless they are clearly erroneous.

2. **Postconviction: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.

3. **Effectiveness of Counsel.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.

4. **Effectiveness of Counsel: Appeal and Error.** When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's conclusion.

5. ____: ____. When a defendant's trial counsel is different from his or her appellate counsel, all issues of ineffective assistance of trial counsel that are known to the defendant or are apparent from the record must be raised on direct appeal. If the issues are not raised, they are procedurally barred.

6. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

7. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

8. **Effectiveness of Counsel: Appeal and Error.** When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

9. **Trial: Attorneys at Law.** Trial counsel is afforded due deference to formulate trial strategy and tactics.

10. **Trial: Effectiveness of Counsel: Presumptions: Appeal and Error.** In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably.

11. **Rules of Evidence.** Under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 2016), relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

A. Michael Bianchi for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Heavican, C.J., Miller-Lerman, Stacy, and Funke, JJ., and Colborn and Samson, District Judges.

Colborn, District Judge.

## INTRODUCTION

Shawn A. McGuire appeals from the denial of his motion for postconviction relief following an evidentiary hearing. He claims the district court erred in failing to find that his trial and appellate counsel were ineffective and in failing to make rulings on certain claims raised in his postconviction motion. He also claims his postconviction counsel provided ineffective assistance at the evidentiary hearing. For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

Following a jury trial, McGuire was found guilty of second degree murder under a theory of aiding and abetting, use of a deadly weapon to commit a felony, and criminal conspiracy to unlawfully possess and deliver a controlled substance. The convictions were based on his involvement with a cocaine exchange that resulted in the murder of Cesar Sanchez-Gonzales (Sanchez) by Robert Nave. McGuire is currently serving a combined sentence of 105 to 125 years in prison.

### Trial Evidence

On October 22, 2010, a law enforcement task force was conducting surveillance on an expected drug deal at an automobile repair shop (auto shop) in South Omaha, Nebraska. The auto shop was run by Sanchez, who was an informant for the task force. The supplier, Cesar Ayala-Martinez, had agreed to sell 1½ kilograms of cocaine to Sanchez in exchange for $40,500. Sanchez was then going to sell the cocaine to McGuire. McGuire had purchased cocaine from Sanchez in a similar manner a few weeks prior to this date.

The evidence showed that McGuire arrived at the auto shop driving a white Chrysler Sebring and was seen conversing with the occupants of a white Nissan. Abdul Vann, Kim Thomas, and Nave were also present outside the auto shop. Sometime after McGuire entered the auto shop, a member of the task force observed Nave put his hood over his head, pull a handgun from his waistband, and proceed into the auto shop. As soon as Nave entered, McGuire almost instantaneously exited.

Ayala-Martinez testified that within seconds of McGuire's exiting, Nave entered the office with his gun drawn. Sanchez pulled a revolver out of his desk drawer and was attempting to open the chamber. Before Sanchez could raise his weapon, Nave shot Sanchez two or three times. Nave then pointed the gun at Ayala-Martinez and asked for the cocaine. Ayala-Martinez pointed to the cocaine, and Nave ran out with

it. Sanchez later died due to the gunshot wounds inflicted by Nave.

The task force observed Nave and Thomas running from the building. They both ran straight to the Sebring, where McGuire was waiting in the driver's seat. McGuire sped off at a high rate of speed. Members of the task force pursued the vehicle, which crashed head on into a pickup truck shortly thereafter. After a short foot pursuit, all three occupants of the Sebring were apprehended.

A search of McGuire revealed a roll of cash with $20 and $50 bills on the outside and regular paper on the inside, making the cash roll appear to contain a larger amount of cash. Officers also found the keys to the Sebring, an electronic ignition key for a Nissan, and approximately $3,800 in cash.

A search of the white Nissan revealed a yellow sporting goods store bag containing a box of "CCI" ammunition with 10 rounds missing, a pair of black gloves, and packaging material for black duct tape. On the driver's side of the Sebring, 10 live rounds of ammunition were found, marked "9mm CCI Luger." Inside the Sebring, officers located black duct tape consistent with the packaging found in the Nissan.

Officers also found four handguns inside the Sebring, including a Smith & Wesson 9-mm pistol. We note that our opinion on direct appeal[1] incorrectly stated that the handguns were found in the Nissan. The record reflects that they were found in the Sebring. A firearms expert testified that the bullet recovered from Sanchez' body was fired from the 9-mm Smith & Wesson. Each of the four casings found in the auto shop were also from the 9-mm Smith & Wesson.

The white Nissan was owned by a woman who testified that she was dating McGuire and had allowed him to borrow her car on the date in question. The previous night, she had gone to a sporting goods store to purchase bullets for the shooting range. She had placed the ammunition, which was in

---

[1] See *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

a yellow bag, in her garage and did not realize it was missing until after she was questioned by investigators.

## Direct Appeal

Following his convictions, McGuire obtained new counsel and appealed. He assigned, as relevant to this postconviction proceeding, that the district court erred in refusing to give his proposed jury instruction, which added "'not upon a sudden quarrel'" to the language of the second degree murder instruction.[2] We agreed on direct appeal that the instruction given by the district court was an incorrect statement of the law in that it did not require the jury to consider whether Nave killed Sanchez upon a sudden quarrel, which could have reduced McGuire's conviction to manslaughter. However, we found that this error did not result in prejudice to McGuire, because there was no evidence at trial upon which a jury could reasonably conclude that Sanchez was killed as a result of a sudden quarrel. We affirmed McGuire's convictions and sentences in all respects.[3]

## Postconviction Proceedings

On February 6, 2015, McGuire filed a timely motion for postconviction relief, alleging that his trial counsel was ineffective in (1) failing to properly advise McGuire regarding his right to testify at trial, (2) failing to depose certain witnesses prior to trial, (3) failing to call certain witnesses at trial, (4) failing to investigate and question investigators about the existence of gunshot residue on accomplices, (5) failing to properly cross-examine one of the task force members concerning McGuire's presence and affiliation with accomplices just prior to the shooting, (6) failing to cross-examine Ayala-Martinez regarding where Nave pointed the gun when he entered the auto shop, (7) failing to challenge the admission into evidence of the 9-mm ammunition found in the Nissan,

---

[2] *Id*. at 504, 837 N.W.2d at 780.

[3] See *State v. McGuire, supra* note 1.

and (8) failing to provide discovery materials to McGuire, which prevented him from assisting in his own defense. He further alleged that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in all of these respects.

An evidentiary hearing was held in the district court, during which the depositions of McGuire and his trial counsel were entered into evidence. Following the hearing, the district court issued a written order denying McGuire's postconviction motion. It found that appellate counsel was not ineffective for failing to raise the various claims of ineffective assistance of trial counsel because trial counsel was not ineffective. McGuire now appeals from that order.

## ASSIGNMENTS OF ERROR

McGuire claims the district court erred in failing to find that his trial and appellate counsel were ineffective, and in failing to rule on certain claims raised in his postconviction motion. More specifically, he claims (1) trial counsel was ineffective in (a) failing to properly examine Ayala-Martinez about where Nave pointed his gun prior to shooting Sanchez, (b) failing to call certain witnesses who would have provided testimony confirming McGuire's ignorance of the plan to rob Sanchez of the cocaine, and (c) improperly advising McGuire about his rights to testify and to remain silent; (2) appellate counsel was ineffective for failing to raise trial counsel's failure to elicit testimony of a sudden quarrel; and (3) the district court failed to rule on his claims regarding (a) trial counsel's failure to object to the admission into evidence of the 9-mm ammunition and (b) trial counsel's failure to question or investigate the presence of gunshot residue on accomplices. Finally, McGuire claims that his postconviction counsel was ineffective for failing to present adequate evidence at the postconviction hearing to substantiate his claims, thereby depriving him of his state and federal constitutional rights to due process of law.

## STANDARD OF REVIEW

[1] In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. An appellate court upholds the trial court's factual findings unless they are clearly erroneous.[4]

[2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[5] When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.[6]

[3,4] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[7] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[8] With regard to questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[9] an appellate court reviews such legal determinations independently of the lower court's conclusion.[10]

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

[5] McGuire's first three assignments of error allege that the district court erred in failing to find that his trial counsel was ineffective in certain respects. The State submits that these claims are procedurally barred, because they could have been

---

[4] *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018).

[5] *State v. Ross*, 296 Neb. 923, 899 N.W.2d 209 (2017).

[6] *Id.*

[7] *State v. Alarcon-Chavez*, 295 Neb. 1014, 893 N.W.2d 706 (2017).

[8] *Id.*

[9] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[10] *State v. Alarcon-Chavez, supra* note 7.

raised on direct appeal and were not. When a defendant's trial counsel is different from his or her appellate counsel, all issues of ineffective assistance of trial counsel that are known to the defendant or are apparent from the record must be raised on direct appeal.[11] If the issues are not raised, they are procedurally barred.[12]

[6] Although McGuire's postconviction motion asserts layered claims of ineffective assistance of trial and appellate counsel, we agree that the underlying claims pertaining to trial counsel are procedurally barred, because McGuire had new counsel on direct appeal and did not raise his claims of ineffective assistance of trial counsel at that time.[13] In order to present the merits of those claims to this court, McGuire was required to assign and argue that appellate counsel was ineffective for failing to assert trial counsel's ineffectiveness in those respects. He failed to do so for his first three assignments of error, and as a result, those claims are not properly before this court. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[14]

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

McGuire's fourth assignment of error alleges that the district court erred in failing to find that appellate counsel was ineffective for failing to raise trial counsel's failure to elicit evidence of a sudden quarrel at trial. He asserts that appellate counsel challenged the second degree murder instruction on the basis that it did not include the sudden quarrel language, which we agreed was erroneous on direct appeal but found to be harmless due to the absence of any evidence in the

---

[11] *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

[12] *Id.*

[13] See *id.*

[14] *State v. Cook*, 290 Neb. 381, 860 N.W.2d 408 (2015).

record of a sudden quarrel. McGuire argues that trial counsel could have elicited such evidence through a proper cross-examination of Ayala-Martinez.

At trial, Ayala-Martinez testified that Nave entered the auto shop, pointed the gun at Sanchez, and shot him two to three times. However, McGuire claims that Ayala-Martinez had previously testified at Nave's trial that Nave initially pointed the gun at Ayala-Martinez but quickly turned the gun on Sanchez when he saw Sanchez attempting to load a revolver. McGuire argues that this was evidence of a sudden quarrel that provoked Nave to shoot Sanchez, but was not elicited at trial. McGuire argues that if appellate counsel had raised trial counsel's ineffectiveness in this regard, McGuire would have received a new trial on direct appeal.

[7] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[15] the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[16]

[8] When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland v. Washington* test.[17] If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue.[18] Much like claims of ineffective assistance of trial counsel, the defendant must show that *but for* counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different.[19]

---

[15] *Strickland v. Washington, supra* note 9.

[16] *State v. Glass, supra* note 4.

[17] *State v. Dubray, supra* note 11.

[18] *Id.*

[19] *Id.*

We find that trial counsel's decision not to elicit testimony of a sudden quarrel was a reasonable strategic decision. In his deposition, trial counsel testified that he believed the best defense for McGuire was to convince the jury that although McGuire was there to participate in a drug deal, there was no evidence that he had agreed to participate in the robbery, or even had knowledge that Nave was going to commit a robbery. In other words, the best case scenario for McGuire was that he would be found guilty of the drug offense, but not guilty of felony murder or any other homicide-related charges.

Given this trial strategy, trial counsel explained that he did not believe it was effective to "out of one side of your mouth say, there's no plan, no agreement, no robbery, therefore he's not guilty of first degree murder; and then say, on the other hand, it could also be a manslaughter." He testified that he thought he would lose credibility with the jury if he tried to argue both theories. He chose to attack the felony murder allegations, because if he could convince the jury that there was no plan or agreement for the robbery, then he would be found not guilty on all the homicide charges.

[9,10] Trial counsel is afforded due deference to formulate trial strategy and tactics.[20] An appellate court does not second-guess strategic decisions made by trial counsel, so long as those decisions are reasonable.[21] In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably.[22] We conclude that trial counsel's failure to adduce evidence of a sudden quarrel was a reasonable strategic decision, and therefore, it does not constitute deficient performance. Because trial counsel was not ineffective, McGuire was not prejudiced by appellate counsel's failure to raise this issue on direct appeal.

[20] *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017).

[21] See *State v. Alarcon-Chavez, supra* note 7.

[22] *State v. Williams, supra* note 20.

### Failure to Make Findings
### or Rulings

McGuire's fifth assignment of error alleges that the district court erred by failing to make requisite findings or rulings on his claims that (1) trial counsel failed to object to the admission into evidence of the 9-mm ammunition found in the Nissan and (2) trial counsel failed to investigate the presence of gunshot residue on accomplices. He argues that under Neb. Rev. Stat. § 29-3001(2) (Reissue 2016), the district court is required to make findings of fact and conclusions of law with regard to all issues raised in the motion when an evidentiary hearing is granted.

We first note that McGuire's appellate brief provides no argument in support of the second part of this assignment of error regarding trial counsel's failure to investigate the presence of gunshot residue on accomplices. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[23] Because it was not argued, we will not address that portion of the assigned error.

[11] Regarding trial counsel's failure to object to the 9-mm ammunition found in the Nissan, McGuire argues that it was unduly prejudicial under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 2016), and that trial counsel should have moved to exclude it on that basis. Under rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.[24] Most, if not all, evidence offered by a party is calculated to be prejudicial to the opposing party; only evidence tending to suggest a decision on an improper basis is unfairly prejudicial.[25]

Trial counsel testified that he did not object to the ammunition, because any such objection would have certainly been

---

[23] *State v. Cook, supra* note 14.

[24] *State v. Chauncey*, 295 Neb. 453, 890 N.W.2d 453 (2017).

[25] See *id.*

overruled. We agree. The probative value of the 9-mm ammunition found in the Nissan was substantial. A firearms expert determined that the four casings found in the auto shop and the bullet recovered from Sanchez' body were all fired from a 9-mm Smith & Wesson, which was found inside the Sebring that McGuire was driving as he fled from the scene. The discovery of the 9-mm ammunition in the Nissan directly linked McGuire to the robbery conspiracy, given the evidence that the Nissan belonged to McGuire's girlfriend and she had allowed him to borrow it on the date in question. We conclude the challenged evidence was extremely probative, and we do not see any tendency for it to suggest a decision by the jury on an improper basis.

Finally, while we agree that trial courts are required to make findings of fact and conclusions of law following an evidentiary hearing, we find it unnecessary to remand the cause for further findings here. The purpose of requiring factual findings and conclusions of law is to facilitate appellate review and permit us to reach all assigned errors.[26] Because it is clear that this claim has no merit, there is no need to remand the matter for further findings.

### INEFFECTIVE ASSISTANCE OF POSTCONVICTION COUNSEL

In his final assignment of error, McGuire asserts that his postconviction counsel was ineffective for failing to present adequate evidence at the postconviction hearing to substantiate his claims, thereby depriving McGuire of his state and federal constitutional rights to due process of law. McGuire acknowledges that there is no constitutional right to effective assistance of counsel at postconviction proceedings.[27] However, he argues that he was denied due process of law because his counsel failed to meet the standard required under Neb. Rev. Stat.

---

[26] See *State v. Harris*, 294 Neb. 766, 884 N.W.2d 710 (2016).

[27] See *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006).

§ 29-3004 (Reissue 2016), which provides that "[t]he district court may appoint not to exceed two attorneys to represent the prisoners in all [postconviction] proceedings" and that "[t]he attorney or attorneys shall be competent and shall provide effective counsel."

Assuming without deciding that there is a statutory right to competent and effective postconviction counsel that may be enforced on appeal from a postconviction proceeding, we find that the plain language of the statute applies only to attorneys appointed by the district court. Here, McGuire's counsel acknowledged at oral argument that McGuire's first postconviction counsel, whom he now claims was ineffective, was not appointed by the district court, but was privately retained by McGuire. Thus, the statutory directive that postconviction attorneys appointed by the district court shall be competent and effective does not apply here.

Furthermore, even if the statute did apply, we find no merit to this assigned error, because the claims asserted in McGuire's postconviction proceeding, even if proved, would not entitle him to any relief. Therefore, McGuire was not prejudiced by postconviction counsel's failure to present evidence to substantiate those claims.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED.

WRIGHT and CASSEL, JJ., not participating.