IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. SCHAETZLE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

STEPHEN J. SCHAETZLE, APPELLANT.


Filed February 5, 2019.    No. A-17-1050.


Appeal from the District Court for Lincoln County: RICHARD A. BIRCH, Judge. Affirmed.

Brian J. Davis, of Berreckman, Davis & Bazata, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.


MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Stephen J. Schaetzle was convicted of first degree sexual assault and sentenced to imprisonment for 14 to 22 years. On direct appeal, we affirmed his conviction and sentence in a memorandum opinion, *State v. Schaetzle*, No. A-14-777, 2015 WL 3484506 (Neb. App. June 2, 2015) (selected for posting to court website). Schaetzle later filed a motion for postconviction relief in the district court for Lincoln County, which motion the district court denied in part without an evidentiary hearing. Schaetzle filed this appeal. We affirm.

## II. BACKGROUND

### 1. PRETRIAL AND TRIAL PROCEEDINGS

The following background is taken from the information contained in our decision on direct appeal. See *State v. Schaetzle*, No. A-14-777, 2015 WL 3484506 (Neb. App. June 2, 2015)

(selected for posting to court website). In August 2012, Schaetzle's cousin, K.S., disclosed that Schaetzle had sexually assaulted her while they were at a family gathering in February 2006. An investigator with the Nebraska State Patrol, Michael Dowling, was assigned to the case. At Dowling's direction, K.S. performed a recorded controlled call on Schaetzle. During the call, K.S. accused Schaetzle of the sexual assault. Schaetzle never explicitly denied K.S.'s allegations, but responded that he did not remember sexually assaulting her. He also told K.S. that he suffered from memory loss because he was electrocuted by 1,250 volts of electricity while in the Navy. Schaetzle stated that as a result of the electrocution, he had amnesia. He apologized to K.S. during the call, but would not admit to the assault because he could not remember it.

On November 27, 2012, Dowling met Schaetzle to conduct an approximately 3-hour interview, which was video recorded. During the interview, Schaetzle admitted to Dowling that he was not electrocuted by 1,250 volts, but rather by 440 volts. By his account, he suffered only temporary numbness and some memory loss from the incident. Following approximately 2 hours of questioning, Schaetzle admitted to Dowling that he had sexual intercourse with K.S. in February 2006. After making this admission, Schaetzle wrote an apology letter to K.S. in which he stated that he remembered them having sex and asked her to forgive him. Schaetzle also completed an additional signed statement in which he acknowledged having sexual intercourse with K.S. Prior to ending the interview, Schaetzle made a call to his father, during which he again admitted to having sexual intercourse with K.S.

On August 12, 2013, Schaetzle was charged by information with first degree sexual assault of a child. Schaetzle filed a motion to suppress any statements he made to law enforcement. At the hearing on the motion to suppress, Schaetzle argued that his November 12, 2012, interview with Dowling was a custodial interrogation during which he was coerced into making incriminating statements. He asserted that any statements Dowling obtained during that interview were not knowingly, intelligently, and voluntarily given. After hearing testimony from Dowling and Schaetzle, the district court overruled Schaetzle's motion to suppress. The court concluded that Schaetzle's interview with Dowling was not a custodial interrogation and further determined that Schaetzle had been properly advised of his *Miranda* rights. The court also rejected Schaetzle's claims that Dowling had employed coercive or intimidating tactics during the interview.

A 2-day jury trial commenced on March 11, 2014. The evidence at trial showed that in February 2006, then 20-year-old Schaetzle sexually penetrated his then 14-year-old cousin in a hotel room during a family gathering. The relevant trial testimony is summarized below.

K.S. testified that after no more than 5 minutes of sexual intercourse on the hotel room bed, Schaetzle removed his penis from her vagina and ejaculated onto the bedsheets. Schaetzle testified that although he embellished the account of his electrocution when talking to K.S., the electrocution did occur and caused "twitches" and memory loss. Schaetzle also testified that his confession during the November 12, 2012, interview was false. He claimed that he only confessed because he felt he would not be allowed to leave the interview room until he had told Dowling "what he wanted to hear, which was not the truth." Schaetzle felt that Dowling had manipulated his emotions by mentioning his deceased brother and also referring to Schaetzle's ability to have custody of his daughter.

Dowling testified about Schaetzle's confession at the November 12, 2012, interview. While cross-examining Dowling, Schaetzle's counsel explored the possibility that the confession was false. Schaetzle's counsel asked Dowling about an article on interrogation techniques, which stated that an interrogator must establish a superficial friendship with the person he or she is interrogating. Schaetzle's counsel asked Dowling whether he knew of the term "persuaded false confession," which he did. Dowling explained that a persuaded false confession is when "I basically try to talk him into confessing to something he hasn't done."

Schaetzle's counsel read an excerpt of a text from the Journal of the American Academy of Psychiatry and Law, written by Dr. Richard A. Leo. The text stated that it is often necessary for interrogators to supply the suspect with an explanation of how he or she could have committed the crime without remembering it. Dowling admitted to using that tactic, but only to save face for Schaetzle because he is "a very proud, kind of I-centered gentleman." Dowling suggested Schaetzle may have been intoxicated at the time he committed the crime or sleepwalking. He also suggested that Schaetzle's electrocution while he was in the Navy could have made him forget about the crime or that he may have repressed the memory. Dowling concluded that regardless of the gaps in his memory, Schaetzle needed to accept responsibility for what he had done. Dowling told Schaetzle that "we need to start the healing process." Schaetzle's counsel began to outline the three-steps for persuading false confessions from Dr. Leo's article, at which time the State objected. Schaetzle's counsel responded that he had no further questions.

The jury found Schaetzle guilty of first degree sexual assault. The court sentenced him to a term of 14 to 22 years in prison.

## 2. DIRECT APPEAL

With new counsel, Schaetzle filed a direct appeal assigning, among other errors, that the district court erred in overruling his motion to suppress the confession and exposing the jury to comments regarding a second sexual assault by allowing the State to play the entire video recording of his interview with Dowling. He also assigned that his trial counsel was ineffective for failing to request that he undergo a psychological evaluation, for failing to object to the video recording of the interview with Dowling, and for failing to request a limiting instruction that the jury could not consider the references to a second sexual assault in the video recording.

We affirmed the conviction and sentence. Specifically, we found that Schaetzle's interview with Dowling was not a custodial interrogation. We further found the video interview negated any claim that Dowling obtained Schaetzle's confession through coercive means and that the court did not err when it overruled Schaetzle's motion to suppress. We found that although Schaetzle objected to the video recording based on foundation and for the grounds raised in his motion to suppress, he did not object to the references to a second sexual assault in the video. He also did not object based on the State's failure to comply with Neb. Rev. Stat. § 27-404 or § 27-414 (Reissue 2016) for the admission of the video recording. Thus, we found he waived the right to assert prejudicial error on appeal.

As to Schaetzle's ineffective assistance of counsel claims, we found that the record was insufficient to review Schaetzle's claim that his trial counsel was ineffective for failing to request that he undergo a psychological evaluation. We found that Schaetzle's attorney did object to the

admission of the video recording, and therefore was not ineffective for failing to do so. Last, we found that an evidentiary hearing was necessary to determine why Schaetzle's trial counsel did not request a limiting instruction after the jury heard references in the video recording to a second sexual assault.

### 3. POSTCONVICTION PROCEEDINGS

On July 12, 2016, Schaetzle filed a motion for postconviction relief. Thereafter, Schaetzle filed an amended motion for postconviction relief, which alleged that his trial counsel was ineffective for (1) failing to object to testimony about allegations of a second sexual assault, (2) failing to request that he undergo a psychological evaluation, (3) sleeping during the trial, (4) failing to hire an expert to testify on his behalf about his confession, (5) failing to raise Schaetzle's erectile dysfunction as a defense, (6) failing to object to argumentative comments in the State's opening statements, and (7) failing to properly prepare defense witnesses. Schaetzle also claimed his counsel on direct appeal was ineffective for failing to raise claims (3) through (7).

On September 8, 2017, the district court entered an order on Schaetzle's amended motion for postconviction relief. The court granted Schaetzle an evidentiary hearing on his claim that his trial counsel was ineffective for failing to object to testimony about allegations of a second sexual assault, but only on the issue of trial counsel's strategy in not asking for a limiting instruction regarding the second sexual assault. The court denied an evidentiary hearing on the remaining claims for postconviction relief.

Schaetzle appeals.

## III. ASSIGNMENTS OF ERROR

Schaetzle assigns, reordered, that the district court erred in denying his amended motion for postconviction relief without an evidentiary hearing on his claims that his trial counsel was ineffective for (1) failing to object to testimony about allegations of a second sexual assault, (2) failing to request that he undergo a psychological evaluation, (3) sleeping during the trial, (4) failing to hire an expert to testify on his behalf about his confession, (5) failing to raise his erectile dysfunction as a defense, (6) failing to object to argumentative comments in the State's opening statements, and (7) failing to properly prepare defense witnesses. He further assigns that the district court erred in denying without an evidentiary hearing his claims that his counsel on direct appeal was ineffective for failing to raise issues (3) through (7).

## IV. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Liner*, 26 Neb. App. 303, 917 N.W.2d 194 (2018). In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Foster*, 300 Neb. 883, 916 N.W.2d 562 (2018). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). When reviewing a question of

law, an appellate court resolves the question independently of the lower court's conclusion. *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018).

## V. ANALYSIS

Under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016), a prisoner in custody may file a petition for relief on the grounds that there was a denial or infringement of the prisoner's constitutional rights that would render the judgment void or voidable. *State v. Foster, supra*. This category of relief is "very narrow." *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018).

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Stricklin, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Haynes, supra*. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Taylor*, 300 Neb. 629, 915 N.W.2d 568 (2018). A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.* The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Newman, supra*.

A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *Id.* Schaetzle was represented by different counsel on direct appeal than at trial. He therefore cannot raise on postconviction any claims of ineffective assistance of trial counsel that were not preserved on direct appeal, as those claims would be procedurally barred. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017).

## 1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS

Schaetzle assigns that his trial counsel was ineffective in seven ways. However, he only alleged two of the ineffective assistance of trial counsel claims on direct appeal: those listed above in (1) and (2). Because Schaetzle had different counsel on direct appeal than at trial, he preserved only these two claims in this postconviction appeal.

### (a) Failure to Object to Testimony About Second Sexual Assault

Schaetzle assigns that the district court erred in dismissing without an evidentiary hearing his claim that his trial counsel was ineffective for failing to object to testimony about allegations of a second sexual assault in the presence of the jury. On direct appeal, Schaetzle assigned error to the State's failure to comply with § 27-404 or § 27-414 for the admission of the video recording of his interview with Dowling, which recording referred to a possible second sexual assault of K.S. by Schaetzle. We concluded that while the State did not request a hearing outside of the jury's presence to establish the admissibility of the entire video, Schaetzle did not raise any issue regarding § 27-404 or § 27-414. Instead, he only objected on the grounds raised in his motion to suppress and on foundation. Thus, we determined that Schaetzle waived his right to assert this error on appeal. Schaetzle also asserted on direct appeal that his trial attorney was ineffective because he failed to object to the offer of the video recording of the interview. Observing that the record clearly showed that Schaetzle's attorney did, in fact, object when the State offered the video exhibit, we rejected this claim.

In denying an evidentiary hearing on this postconviction claim, the district court found that to the extent Schaetzle is once again challenging trial counsel's failure to object to the receipt of the video recording, this claim was rejected in his direct appeal. We agree. Further, because Schaetzle had different counsel at trial than he did on direct appeal and because he did not, on direct appeal, raise the issue of his trial counsel's failure to object to the video recording based on § 27-404 or § 27-414, this claim is procedurally barred. See *Newman, supra*. Schaetzle does not assign that his appellate counsel was ineffective for failing to raise this particular claim of ineffective assistance of trial counsel, and we do not address it further in this opinion. Finally, the district court, in following our decision on direct appeal, granted an evidentiary hearing on the issue of trial counsel's strategy in not asking for a limiting instruction regarding the second sexual assault.

### (b) Failure to Request Psychological Evaluation

Schaetzle assigns that the district court erred in dismissing without an evidentiary hearing his claim that his trial counsel was ineffective for failing to request that he undergo a psychological evaluation. In Schaeztle's direct appeal, we noted that he claimed a psychological evaluation was warranted to explain his involuntary confession and the memory loss he suffered due to his electrocution in the Navy. We determined that the record was insufficient to review this claim on direct appeal.

Schaetzle's postconviction motion first alleges that the results of a psychological evaluation would show that his confession was not voluntary, and was therefore inadmissible at

trial. The district court found the allegations were insufficient to conclude that the confession would have been suppressed. We agree.

On direct appeal, we rejected Schaetzle's argument that his statements during the interview were not made voluntarily. We specifically found that "the video of the interview negates any claim that Dowling obtained Schaetzle's statements through coercive means." *Schaetzle, supra* at *7. Thus, while a psychological evaluation may explain why Schaetzle made the statements he did during the interview, it would not prove the confession was coerced and would not result in the suppression of the interview. Schaetzle was not prejudiced by his trial counsel's failure to request that he undergo a psychological evaluation to prove his confession was coerced.

Schaetzle next claims that his trial counsel was ineffective for failing to request that he undergo a psychological evaluation because that evaluation would show his confession was false. Schaetzle alleges that a psychological evaluation would have explored the mental health issues he may have been experiencing and the effects of his electrocution on his memory, which together could explain why he responded to the interviewer's techniques by making a false confession.

The district court rejected Schaetzle's claim that a psychological evaluation could prove that his confession was false. The court noted, in connection with the separate claim that trial counsel was ineffective in failing to retain an expert witness to testify regarding Schaetzle's false confession, that his trial attorney raised the issue that Schaetzle's confession may have been false when he cross-examined Dowling. The court concluded that "[Schaetzle's] motion contains no facts upon which it could be concluded, or even inferred, that a psychological evaluation might have provided a defense to sexual assault of a child or altered the outcome of the case." We agree.

Schaetzle does not allege precisely what mental health issues may have affected his confession or how his electrocution may have caused him to confess to a crime that he did not commit. Because Schaetzle's allegations are insufficient to show that his counsel's failure to request a psychological evaluation violated his constitutional rights, an evidentiary hearing is not necessary. See *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018).

### 2. LAYERED INEFFECTIVE ASSISTANCE CLAIMS

Claims of ineffective assistance of appellate counsel may be raised for the first time on postconviction review. See *State v. Vela*, 297 Neb. 227, 900 N.W.2d 8 (2017). When analyzing a claim of ineffective assistance of appellate counsel, courts will often begin by determining whether the defendant suffered prejudice by appellate counsel's failure to raise a claim. *Id.* If the claimed deficiency of appellate counsel's performance is the failure to raise a claim on appeal, the court will look at the strength of the claim that appellate counsel failed to raise. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

A layered ineffective assistance claim is a claim that a party's appellate counsel was ineffective in failing to raise ineffective assistance claims related to that party's trial counsel. See *id.* In a layered ineffective assistance claim, an appellate court will first look at whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See *Newman, supra*. If trial counsel was not ineffective then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.*

Schaetzle sets forth five layered ineffective assistance of counsel claims, which we analyze below.

### (a) Sleeping at Trial

Schaetzle assigns that the district court erred in denying without an evidentiary hearing his claim that his appellate counsel was ineffective for failing to raise on direct appeal that his trial counsel was ineffective for sleeping during his trial. We agree with the district court's conclusion that Schaetzle failed to allege sufficient facts to warrant an evidentiary hearing.

Schaetzle alleged in his amended motion for postconviction relief that his trial counsel's performance "was deficient because he was falling asleep throughout stages of the trial." Schaetzle alleges that his trial counsel's failure to object to the video recording and his trial counsel's opening statement, in which he explained that he was unable to sleep the night before trial, support that he was sleeping throughout the trial.

In rejecting this claim, the district court indicated that it "has no recollection of trial counsel falling asleep at any time during trial, let alone throughout the trial, and there is no evidence in the record that he was asleep." The court found no prejudice to Schaetzle. To the extent Schaetzle tied his claim that trial counsel was asleep during trial to the receipt of the video recording, the court noted that Schaetzle's counsel did object to the admission of the video recording. The court also found that most of Schaetzle's allegations about sleeping do not provide specific times during trial when his attorney was allegedly asleep or how he was prejudiced by that alleged sleeping. The court determined that the allegations were merely conclusory and did not establish any factual or legal basis for an evidentiary hearing.

We agree with the district court. On direct appeal, we specifically found that trial counsel was not ineffective for failing to raise an objection to the video recording because he, in fact, objected to its receipt. *State v. Schaetzle*, No. A-14-777, 2015 WL 3484506 at \*12 (Neb. App. June 2, 2015) (selected for posting to court website). Schaetzle cannot show any prejudice as a result. Moreover, his trial counsel's comment during his opening statement that he could not sleep the night before trial does not in any way show that he performed deficiently or that Schaetzle's case was prejudiced by that performance.

Beyond these two examples, Schaetzle does not explain how his case was prejudiced by his trial counsel allegedly sleeping during the trial. We conclude that his allegations present only conclusions of fact and law, and thus he is not entitled to an evidentiary hearing based on them. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). As a result, his counsel on direct appeal was not ineffective for failing to raise this issue, and the district court did not err in failing to grant an evidentiary hearing on it.

### (b) Failure to Provide Expert Testimony About Confession

Schaetzle next assigns that the district court erred in dismissing without an evidentiary hearing his layered claim that his trial counsel was ineffective for failing to hire an expert to testify about his confession. In his amended postconviction motion, Schaetzle alleged that his while his trial counsel used an article from a leading expert on false confessions during his cross examination of Dowling, counsel failed to hire an expert to testify on behalf of Schaetzle showing why the

alleged confession was false and therefore inadmissible. Schaetzle further alleges that even had the confession remained in evidence, expert testimony about false confessions could have led to a different result with the jury.

In his amended motion, Schaetzle alleged that Dr. Kirk Newring, a licensed clinical psychologist, could explain "why his confession was a false confession." According to Schaetzle, Newring would testify that police-induced false confessions are likely to lead to wrongful convictions. Newring would explain the two phases of modern interrogations, which phases are apparent in Dowling's interview of Schaetzle. In the pre-admission stage, Dowling changed Schaetzle's decision to deny responsibility for the assault. In the post-admission narrative, Dowling learned a narrative of the crime to prove Schaetzle's guilt. Newring would show that the tactics that Dowling used when interviewing Schaetzle are used to persuade false confessions and that these tactics caused Schaetzle to conclude that confession was "his best option." Newring's testimony would show that the only details Schaetzle knew about the crime came from the person interviewing him.

The district court found that the record and the facts Schaetzle alleged in his motion contained no factual or legal basis to conclude that the confession would have been suppressed or that the outcome of the trial would have been different. As a result, his trial counsel's failure to hire an expert to testify about false confessions did not prejudice him. We agree.

Schaetzle's motion does not support the conclusion that the trial court would have suppressed evidence of his confession had his trial counsel presented this expert testimony or that the result of the trial would have been different. While the amended motion details the potential testimony about how false confessions can be obtained by law enforcement, it does not specifically allege that this expert witness would testify that the techniques used by Dowling resulted in a false confession by Schaetzle. We conclude that the allegations regarding the expert testimony proposed by Newring were insufficient to show that the confession would have been suppressed or a different result would have resulted; i.e., acquittal. In reaching this conclusion, we again rely upon the testimony given by Dowling at trial, trial counsel's cross-examination of Dowling regarding the techniques he used relative to obtaining a false confession, and the fact that the jury was able to view the video recording of the interrogation and confession.

After a de novo review of the record, we conclude that Schaetzle failed to allege sufficient facts to warrant an evidentiary hearing on this layered ineffective assistance claim.

(c) Failure to Raise Erectile Dysfunction Defense

Schaetzle assigns that the district court erred in dismissing without an evidentiary hearing his layered claim that his trial counsel was ineffective for failing to raise Schaetzle's erectile dysfunction as a defense. As discussed below, we find Schaetzle failed to allege sufficient facts to warrant an evidentiary hearing on this claim.

Schaetzle's motion alleges that his trial counsel was ineffective for failing to "obtain and present military and/or medical records" to prove that Schaetzle had erectile dysfunction for use as a defense at trial. The motion alleges that a report from a urologist at Bremerton Naval Hospital shows that Schaetzle was diagnosed with erectile dysfunction. Although the report was made in 2007, Schaetzle claimed it was "traced back to at least 2001." Schaetzle's motion alleges that

"[e]xpert testimony on this subject matter would explain that [his] inability to get an erection without the use of medicine and that his ability to ejaculate with an erection in the 5- to 10-minute window as stated by the alleged victim is nearly impossible." He claimed this information would undermine the victim's credibility.

The district court found that Schaetzle's allegations about his erectile dysfunction, "both factually and legally, provide no basis for a conclusion that any asserted shortcomings would have risen to the level of impossibility to commit the sex act alleged." The court noted that Schaetzle's erectile dysfunction argument is "weakened by [his] subsequent fathering of a child." The court concluded that even if the allegations Schaetzle alleged were presented, there is no reasonable probability that the outcome of the case would be altered, and we agree.

While Schaetzle has alleged facts that, if proved, would call into question the victim's testimony about the time frame of the assault, he has not alleged facts to establish that he was completely incapable of sexual intercourse resulting in an erection, ejaculation, or both. His motion refers to medical assistance for his alleged erectile dysfunction, yet does not allege that he had not taken advantage of medical assistance before the assault.

Because Schaetzle has not shown that the outcome of the trial would have been different, the district court did not err in denying an evidentiary hearing on this claim.

(d) Failure to Object to Argumentative Comments in Opening Statements

Schaetzle assigns that the district court erred in dismissing without an evidentiary hearing his layered claim that his trial counsel was ineffective for failing to object to argumentative comments the State made during its opening statements. Although Schaetzle's motion alleges that the prosecutor "made repeated argumentative statements" during its opening statement, he only specifically refers to the prosecutor's comment that Schaetzle's actions turned "a weekend of remembrance" into "a weekend of tragedy" and "something criminal."

A party is allowed considerable latitude in making an opening statement. *State v. McMillion*, 23 Neb. App. 687, 875 N.W.2d 877 (2016). In an opening statement, it is permissible for the State to discuss what the evidence may show. *Id.* In view of the considerable latitude given in making opening statements, we cannot conclude an objection to the State's comments would have been sustained. Schaetzle's trial counsel's failure to object to those comments did not prejudice Schaetzle and did not violate his constitutional rights. In addition, as the district court noted, the jury was instructed that arguments by counsel are not to be considered evidence. As a result, Schaetzle's counsel on direct appeal was not ineffective for raising this issue. The district court further did not err in failing to grant an evidentiary hearing on it.

(e) Failure to Prepare Defense Witnesses

Schaetzle assigns that the district court erred in dismissing without an evidentiary hearing his layered claim that his trial counsel was ineffective for failing to properly prepare defense witnesses for trial. Schaetzle's motion alleges that he would provide affidavits at an evidentiary hearing from three defense witnesses. The motion alleges that these affidavits would show that Schaetzle's trial counsel failed to prepare them to testify at trial. But Schaetzle's motion fails to allege how these witnesses' testimony would have differed with additional trial preparation. Thus,

he has not alleged that his trial counsel's failure to prepare defense witnesses prejudiced him in any way, and an evidentiary hearing is not necessary on Schaetzle's claim regarding witness preparation.

## VI. CONCLUSION

For the foregoing reasons, we conclude the district court did not err in denying Schaetzle an evidentiary hearing on his remaining claims of ineffective assistance of trial or appellate counsel, after granting an evidentiary hearing on the issue of trial counsel's failure to request a limiting instruction regarding the second sexual assault.

AFFIRMED.