IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TITUS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAWN M. TITUS, APPELLANT.

Filed July 5, 2022.    No. A-21-765.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Shawn M. Titus, pro se.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Shawn M. Titus appeals from an order of the district court for Sarpy County, which denied his motion for postconviction relief following an evidentiary hearing. He argues that the district court erred in violating his due process rights, in denying his request to file an amended motion for postconviction relief, and in further concluding that his trial counsel did not provide ineffective assistance and denying postconviction relief. Titus also alleges that his postconviction counsel was ineffective. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

In August 2018, Titus entered a no contest plea and was convicted of attempted first degree sexual assault. He was sentenced to a term of 15 to 20 years' imprisonment. The background of this case is summarized in Titus' direct appeal heard by this court. See *State v. Titus*, No. A-18-1032, 2019 WL 3562180 (Neb. Ct. App. Aug. 6, 2019) (selected for posting to court website).

- 1 -

On direct appeal and represented by different counsel, Titus argued that the district court imposed an excessive sentence and that he received ineffective assistance of trial counsel in several respects. See *id*. With respect to his claims of ineffective assistance of counsel, Titus alleged that his trial counsel was ineffective by: failing to obtain or consult with an expert witness; failing to develop and martial a proper defense strategy; failing to request recusal of the trial judge and prosecutor because of the pendency of a federal court lawsuit initiated by Titus in which both were named as defendants; failing to place the entire plea agreement upon the record; advising Titus to accept the plea offered; and failing to advise Titus that acceptance of the plea negated his ability to appeal the denial of his plea in abatement. This court found no abuse of discretion concerning Titus' sentence, but found that the record on direct appeal was insufficient to address his ineffective assistance of counsel claims. *Id*.

In September 2019, after this court affirmed his conviction and sentence, Titus filed a pro se motion for postconviction relief. In that motion, Titus presented thirteen claims for relief: three of the six allegations of ineffective assistance of trial counsel preserved in his direct appeal (failing to obtain or consult with an expert witness, failing to request recusal of the trial judge and prosecutor because of the pendency of Titus' federal court lawsuit, failing to advise Titus that acceptance of the plea negated his ability to appeal the denial of his plea in abatement); nine new allegations of ineffective assistance of appellate counsel; and an allegation that the "[g]overnment breached the plea agreement" because the "State was supposed to stand silent at sentencing, but argued at length for a sentence of imprisonment."

In December 2019, Titus filed a request for leave to amend his motion for postconviction relief. Titus sought "to remove, restate, and clarify his claims as he has matured in his legal studies and now perceives his presentation as cluttered and confusing." He noted that the amendments would "make his claims more precise and more amenable to efficient resolution." Titus' motion did not specify which of his claims he would amend, or what changes the amendments would include.

In an order on February 7, 2020, the district court found that Titus was entitled to an evidentiary hearing related to his allegation that there was an agreement by the State to stand silent at sentencing, as well as the three allegations of ineffective assistance of trial counsel from Titus' direct appeal. The court also granted Titus' request for the appointment of counsel. However, the court denied the remainder of Titus' ineffective assistance of appellate counsel claims and his request for leave to amend. Titus did not appeal this order.

On March 24, 2021, an evidentiary hearing was held. Titus offered four exhibits which were received in evidence: transcripts of the plea and sentencing hearings; the deposition of Titus' trial counsel; the deposition of the deputy county attorney from Titus' trial; and the deposition of Titus' appellate counsel. At the continued hearing held on April 20, Titus offered his own affidavit and a memorandum brief as additional exhibits. The State objected to the relevancy and improper notice of Titus' affidavit and the district court took the exhibit under advisement. The court received Titus' memorandum brief as an aid to the court and not as substantive evidence.

On July 6, 2020, the district court issued an order nunc pro tunc. The order restated the allegation about whether the plea agreement contained the term that the State would stand silent at sentencing. The allegation was corrected to include whether trial counsel was ineffective for

failing to object to the State's violation of the plea agreement, and whether appellate counsel was ineffective for failing to assign such as error.

In an order entered on July 21, 2021, the district court denied Titus' request for postconviction relief. The court first noted that it had sustained the State's objection to Titus' affidavit. The court then found that Titus had failed to demonstrate that his trial counsel was ineffective, because Titus had conceded that his trial counsel did consult with an expert witness; had told trial counsel that he would be dismissing his federal lawsuit and did so prior to sentencing, and was informed by trial counsel that entering a plea would constitute a waiver of all defenses. Regarding Titus' allegation that there was an agreement by the State to stand silent at sentencing, the court likewise found that Titus did "not meet his burden showing ineffectiveness of counsel on this issue," as the plea agreement had not contained such a term.

On July 26, 2021, the State filed a motion to clarify. In a hearing on the matter, the State referenced the district court's July 6 nunc pro tunc order and noted that in the court's order denying Titus' motion for postconviction relief, the court had found that there was no violation of the plea agreement, "and stopped there." The State "just wanted to make sure that [the order] followed through to the end stating that appellate counsel wasn't ineffective" for failing to assign that trial counsel did not object to the alleged plea agreement violation. The court took the matter under advisement.

In an order entered on September 1, 2021, the district court specified, while its order denying Titus' motion for postconviction relief found that trial counsel was not ineffective, implicit in that finding was that "appellate counsel could not be ineffective for failing to assign error that which is not error."

Titus, now pro se, appeals the district court's order denying his motion for postconviction relief.

## ASSIGNMENTS OF ERROR

Titus assigns, restated, that the district court erred by (1) committing various due process violations; (2) finding that the State had not agreed to stand silent at sentencing and that trial counsel did not provide ineffective assistance; and (3) refusing to grant leave to amend his original postconviction motion. Titus also assigns (4) that his postconviction counsel was ineffective.

## STANDARD OF REVIEW

In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. An appellate court upholds the trial court's findings unless they are clearly erroneous. *State v. Newman*, 310 Neb. 463, 966 N.W.2d 860 (2021).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *Id*. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Newman, supra.*

The decision to grant or deny an amendment to a pleading rests in the discretion of the trial court. *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010).

ANALYSIS

*Alleged Due Process Violations.*

First, Titus raises a series of issues for plain error review. He asserts that the district court committed or allowed "[d]ue process violations that are plain error on the record rendering judgement void. . ." Brief for appellant at 18. Specifically, Titus argues that his plea was not properly entered; his waiver of the right to remain silent for purpose of the presentence investigation was not proper; the Confrontation Clause was violated during the plea hearing; the plea hearing was "fundamentally unfair;" and there was a violation of his Fifth Amendment rights at the sentencing hearing. *Id*. at 19.

A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. *State v. Johnson*, 298 Neb. 491, 904 N.W.2d 714 (2017). Additionally, in a postconviction motion, an appellate court will not consider as an assignment of error a claim that was not presented to the district court. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Because these alleged due process violations could have been raised on direct appeal, and because these specific claims were not presented to the district court, we decline to consider this assignment of error.

*Alleged Plea Agreement Violation.*

Titus assigns that the district court erred in finding that he did not receive ineffective assistance of counsel related to the plea agreement and thus, in denying his motion for postconviction relief. He argues the State had agreed to stand silent at his sentencing hearing as a part of the plea agreement reached by Titus' trial counsel and the county attorney. Titus contends that had his trial counsel objected when the State argued for a term of imprisonment at his sentencing hearing, Titus would have withdrawn his plea based on this violation of the agreement.

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Stricklin*, 310 Neb. 478, 967 N.W.2d 130 (2021).

To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Ely*, 306 Neb. 461, 945 N.W.2d 492 (2020). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

Our record reflects that Titus' trial counsel sent the deputy county attorney an email on August 1, 2018, which included "the State agrees to submit at sentencing" as a term of the plea agreement. In his deposition, trial counsel stated that the email "memorialized" the terms of the agreement based on conversations between himself, Titus, and the deputy county attorney. While trial counsel conceded that the county attorney had not responded to the email, trial counsel

believed that the deputy county attorney had accepted every term in the email, as shortly after the email was sent the county attorney scheduled a plea hearing. However, the deputy county attorney testified in his deposition that after he received the August 2018 email from Titus' trial counsel, he called trial counsel and stated that he was "not agreeing to submit for sentencing." The deputy county attorney stated that he agreed with all other terms outlined in the email, as they corresponded to prior plea negotiations in Titus' case, but he discussed striking the requirement to stand silent with trial counsel.

Additionally, trial counsel and the deputy county attorney testified that they both had a practice of correcting the record if a plea agreement is recited incorrectly. During Titus' plea hearing, the district court recited its understanding of the plea agreement, which did not include a term that the State stand silent at sentencing, and neither counsel offered an objection. Further, Titus affirmed his understanding of the plea agreement as recited by the court which omitted any agreement of the State to stand silent at sentencing.

The district court found that the plea agreement did not include the term that the State stand silent at Titus' sentencing hearing. We defer to the district court's factual finding based on its assessment of Titus' trial counsel's and the deputy county attorney's conflicting understandings of the plea agreement terms. We conclude that the district court's finding was not clearly erroneous. See *State v. Newman*, 310 Neb. 463, 966 N.W.2d 860 (2021). Accordingly, Titus did not demonstrate that his trial counsel's performance was deficient, as trial counsel could not have objected to a violation of a term which was not included in the plea agreement. See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017) (as a matter of law, counsel cannot be ineffective for failing to raise a meritless argument). This assignment of error fails.

*Request for Leave to Amend.*

Titus next assigns that the district court abused its discretion in overruling his request for leave to amend his motion for postconviction relief. A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Madren*, 308 Neb. 443, 954 N.W.2d 881 (2021).

Titus requested leave to amend in order "to remove, restate, and clarify his claims as he has matured in his legal studies and now perceives his presentation as cluttered and confusing." Titus did not specify which claims in his motion for postconviction relief he would amend or how he would do so. In its February 2020 order, the district court denied Titus' request to amend without further elaboration.

Titus alleges on appeal that the district court "infringed upon [his] due process right to be heard by depriving him of the ability to raise or amend meritorious claims that he was unaware of or unable to articulate properly in his original action." Brief for appellant 40-41. Titus argues that his amended motion for postconviction relief would have restated and combined claims of ineffective assistance of appellate counsel, as well as asserted new claims of ineffective assistance of appellate counsel.

We find the district court did not abuse its discretion in denying Titus' request for leave to amend his motion for postconviction relief. Titus' request was vague and did not allege circumstances necessitating a leave to amend. Regarding Titus' contention that he sought leave to

restate and combine specific claims of ineffective assistance of appellate counsel, we note that the district court denied all nine of Titus' asserted claims of ineffective assistance of appellate counsel in its February 2020 order. Titus did not appeal this order and may not collaterally attack the court's denial of these claims now. Thus, this assignment of error fails.

*Ineffective Assistance of Postconviction Counsel.*

Finally, Titus assigns that his appointed postconviction counsel did not provide effective assistance as required by Neb. Rev. Stat. § 29-3004 (Reissue 2016). Titus argues that his postconviction counsel was ineffective for failing to: (1) request leave to amend his motion for postconviction relief; (2) impeach the county attorney during his deposition; and (3) notify Titus of the denial of postconviction relief in a timely manner.

There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). However, Titus cites to § 29-3004, which states that "[t]he district court may appoint not to exceed two attorneys to represent the prisoners in all [postconviction] proceedings" and that "[t]he attorney or attorneys shall be competent and shall provide effective counsel." The Supreme Court has not explicitly decided whether this section provides for a statutory right to competent and effective postconviction counsel that may be enforced on appeal from a postconviction proceeding. See *State v. McGuire, supra*.

Assuming without deciding that there is such an enforceable statutory right to effective postconviction counsel, we determine that Titus has failed to prove that he is entitled to relief.

CONCLUSION

We conclude that the district court did not abuse its discretion in denying Titus' request to file an amended motion for postconviction relief and did not err in overruling his motion for postconviction relief. We further conclude that Titus' arguments related to the effectiveness of his postconviction counsel fail. Therefore, the order of the district court is affirmed.

AFFIRMED.